Fish, J.
The plaintiff testified on the trial that from July 1, 1881, until August 8, 1882, he was serving defendant as an expert, at a salary of $200 per month, as per agreement made with defendant on or about July 4, 1881. The conclusion of the agreement was outdoors on the *307 sidewalk in. front of the United National Bank building, Troy.
The detail of the conversation, as related by plaintiff, is given at folios 96 to 100 of case.
He had, before that time, been working for defendant, under a written contract at $150 per month; and he claims the conversation alluded to as the agreement increasing the salary to $200 per month. He continued to serve defendant after that time until August 8, 1882, when he was discharged.
The plaintiff states that he had only one conversation with defendant about the business on the sidewalk at that place.
Whether it was on the second or fourth of July is not important.
The defendant contradicts the plaintiff in very decided terms, testifying positively that he did not agree to the increase of the salary; on the contrary, at the time referred to on the sidewalk, on or about the 4th of July, 1881, the last words he had with plaintiff were to the effect that if he continued with him'he must go under the old contract, as he had before insisted.
A day or two before that the plaintiff had presented defendant with a written proposal to continue his services according to the former contract, except with an increase of salary to $200 per month; which offer, both parties say, was peremptorily rejected by defendant.
Here was a case of two highly respectable gentlemen in direct conflict upon the salient point in the case. One or the other has been untruthful, or the parties have misunderstood each other. It is better to take the latter view of it.
Then each party sought to fortify his testimony by circumstantial evidence, and the case must necessarily be decided upon more or less doubtful premises.
The defendant was a clergyman whose time was more or less, probably, occupied with his professional duties, and ‘‘did not, apparently, give much time to the detail of the business enterprises in which plaintiff was employed.
He had also in his employment a man by the name of Griffith, who was his bookkeeper, and who performed various duties for defendant, among other things the duty of paying plaintiff. The kind and extent of his agency does not very clearly appear.
The plaintiff had testified under objection, that he regarded Griffith as agent of defendant.
Griffith himself, testifying that he was bookkeeper and cashier for defendant; and his business was to do almost anything that defendant desired of him; that he was manager *308 of the business at defendant’s factory, and had a general supervision of the business.
This was about the sum of the proof of Griffith’s agency.
This proof did not show Griffith to be a general agent of defendant. It would make what he said and did, and what directions he gave about the business at the shop, all the same as the acts of the defendant; but it was not sufficient-to make his statements admissible as against defendant, as admissions had with plaintiff when defendant was not, present, in relation to his employment by .defendant, without evidence showing that he was acting under special directions.
It was error, therefore, to allow plaintiff to prove the conversations between Griffith and himself, in aid of his case, when defendant was not present.
, Again, the plaintiff had proved in corroboration of his theory of the contract with defendant, that Griffith had made entries in the books of defendant to the effect that plaintiff’s salary was $200 per month; and that he had from time to time paid plaintiff’s salary at that rate. It might-be argued with some force by plaintiff, if no explanation was offered, that this was a tacit acknowledgement on the part of defendant that plaintiff’s salary had been agreed to at that rate. It was proper then for defendant to show if he could, by Griffith, how those entries and those payments came to be made; and that they were made without the knowledge and without authority from defendant; and because of misinformation in relation to the same; therefore it was error in the referee to exclude such evidence.
On the same theory and as bearing upon the same subject, the defendant should have been allowed to testify directly, whether he ever made any agreement with plaintiff to pay him $200 a month, after the expiration of the term of the first engagement.
It is true that defendant had already denied that he agreed upon the sidewalk as plaintiff had testified; but without a general contradiction, it might be argued that he had so agreed either immediately before or after that occasion.
Upon the question of the weight of evidence, the case-was not free from difficulty. The defendant had plainly contradicted plaintiff as to the conversation upon the sidewalk on the étn of July, 1881. Witness Mackey was also present, or within a few feet, and in hearing at that meeting. He heard the last words that passed between plaintiff and defendant, which was a statement by defendant to plaintiff, that he would consider plaintiff in honor bound to-complete the business under the old contract.
*309 It became somewhat difficult to reconcile the conflicting statements of the parties, and a state of things existed where slight circumstances might turn the scale one way or the other.
It may, therefore, be held that justice will be better promoted by a reversal of the judgment, and granting a new trial, with costs to abide event.
So decided.
Landon, Oh. J., and Parker, J., concurs.